ALTENBERND, Judge.
Alpha Septic Industries, Inc. (Alpha), appeals an administrative order from the Department of Health and Rehabilitative Services (HRS), fining Alpha $200 for manufacturing a septic tank that was approximately 0.04 inch too thin. We reverse because the record is devoid of any competent substantial evidence establishing that this tank was too thin when it left Alpha’s control or even when it was installed.
Alpha manufactures fiberglass septic tanks. These tanks must be manufactured in compliance with HRS regulations, which require that smaller septic tanks have a normal wall thickness of Vi inch and an isolated wall thickness of ¾6 inch.[1] Tanks are subject to occasional inspection by HRS at the manufacturing plant and also 'to inspection by county health departments at the points of installation.
At some unspecified time, Alpha manufactured a tank that was installed at a duplex located on Thunderbird Hill Circle in Sebring, Florida. The tank passed an installation inspection by the Highlands County Health Department on May 24, 1984, but there is evidence that the inspector did not carefully check the thickness of the tank at that time.
In September 1989, HRS received a complaint that the septic tank at the Thunderbird Hill address was cracked. An inspection established that the tank had caved in, but because the tank was not leaking and was still functional, it was not replaced. The tank had been damaged by a heavy weight, and had probably been run over by a truck or piece of heavy equipment. No one checked the manufacturer’s label to determine whether the tank inspected was in fact the tank manufactured by Alpha and installed some 5½ years earlier. A plug was bored from the top of the tank and measured with a micrometer. Although there is great dispute concerning the accuracy of the micrometer and the qualifications of the person who measured the plug, the measurements ranged from 0.147 inch to 0.162 inch. The minimum required thickness, ¾6 inch, is equivalent to 0.187 inch. Thus, the plug was no more than 0.04 inch below the minimum requirement.
HRS provided no testimony to establish that the sample plug accurately reflected the condition of the tank at the time it was either manufactured or installed. Even if one assumes that the tank inspected in 1989 is the Alpha tank that was installed in 1984, it is obvious that this tank was used for over five years before this inspection. HRS admits that certain chemicals or abuse can damage a tank. Nevertheless, HRS provided virtually no evidence concerning the maintenance of this tank or the possibility of abuse. Moreover, it is undisputed that this tank had been partially crushed by an object that would have been sufficient to crush a properly constructed tank. Given the small discrepancy between the required thickness and the measured thickness in this case, we conclude that HRS failed to prove that Alpha violated the regulation.
Reversed and remanded.
SCHOONOVER, C.J., and CAMPBELL, J., concur.

. Florida Administrative Code Rule 10D-6.26(l)(o)2 (1979) stated that fiberglass tanks “shall have a minimum wall thickness of one-fourth (¼) inch, however, a thickness of no less than three-sixteenths (⅛) inch will be allowed in small isolated areas for tanks not exceeding a capacity of fifteen hundred (1500) gallons." This provision was replaced in 1983 by rule 10D-6.055(2)(b) (1982), which states: "Fiberglass tanks with an effective liquid capacity of not over 1500 gallons shall have a minimum wall thickness of one-fourth inch. However, a wall thickness of not less than three-sixteenths inch will be allowed in small isolated areas of a tank.” Although it is unclear which of these rules is applicable in the present case because there is no evidence as to when this tank was manufactured, there is no significant difference between the thickness requirements of the two provisions.